Penny OGIER *v.* Charles L. DANIELS, Director of Labor, State of Arkansas and FIRST NATIONAL BANK

CA 80-18                                           599 S.W. 2d 150

Court of Appeals of Arkansas
Opinion delivered April 30, 1980
Released for publication May 21, 1980

Appellant, *pro se.*

*Herrn Northcutt,* for appellees.

GEORGE HOWARD, JR., Judge. Claimant quit her job with First National Bank of Camden on June 15, 1979, in order to get married and live with her future husband who resided at Alpena. Claimant was not married, however, until June 30, 1979.

Appellant applied for unemployment benefits when she was unable to find work at Alpena. She commenced her search for employment within a week after her marriage.

The Local Agency denied appellant's claim for benefits under Ark. Stat. Ann. § 81-1106 (a) holding that she had voluntarily and without good cause connected with her work, left her job. As a consequence, appellant was disqualified until she has had at least thirty (30) days of paid employment subsequent to the filing of her claim for benefits.

Section 81-1106(a) provides:

> . . . an individual shall be disqualified for benefits:

> If he voluntarily and without good cause connected with the work, left his last work. Such disqualification shall continue until, subsequent to filing his claim, he has had at least 30 days of paid work.

> . . .

> Provided no claimant shall be disqualified if he has voluntarily left his work to accompany, follow, or join the other spouse in a new place of residence if he has clearly shown upon arrival at the new place of residence an immediate entry into the new labor market and is in all respects available for suitable work.

The Appeals Tribunal in affirming the Local Agency, found that while appellant quit her employment "for very good personal reasons", she did so without good cause connected with the work. The Board of Review affirmed the Appeals Tribunal.

In *Gatz Insurance Agency, Inc., et al* v. *Chamberlain,* 267 Ark. 319, 590 S.W. 2d 283 (1979), the Arkansas Supreme Court in affirming the denial of benefits to a claimant who married three days after she terminated her employment, stated:

> Even construing the statute liberally, we cannot agree with the circuit judge's extension of its language to reach this case. A spouse, by definition, is a married person, a husband or wife. This claimant was not married when she left her job and thus could not have quit to accompany, follow or join 'the other spouse.' The statute as written has *certainty,* which the legislature presumably considered to be desirable; it applies *only* to married persons. But if the statute is interpreted to apply also to a single person who intends to get married three days later, it might equally well apply to one who intends to get married three weeks or three months later. A rule of liberal construction does not mean that the courts are free to substitute vagueness for precision.

*Gatz* is dispositive of the issue here.

Affirmed.